IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andres Glenn, | ) | C/A No.: 3:22-2595-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND NOTICE |
| Jasmine Moore, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Andres Glenn ("Plaintiff"), proceeding pro se, filed this complaint against Jasmine Moore ("Defendant"). Because the undersigned anticipates Plaintiff will be filing in forma pauperis as in his other cases, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges realtor Defendant has been holding his deed for two months. [ECF No. 1 at 1]. He requests damages in the amounts of "888 thousand," "350 trillion," "999 thousand," "800 hundred," and "999 trillion." *Id.* at 1, 4. He provides addresses for himself and Defendant in Columbia, South Carolina. *Id.* at 1, 2–3.

II.    Discussion

A.    Standard of Review

Plaintiff attempted to file his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

2

do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    Failure to Meet Pleading Requirements for Complaint

Plaintiff has failed to meet the minimal standards for filing a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain:

(1)     a short and plain statement of the grounds for the court's
        jurisdiction, unless the court already has jurisdiction and
        the claim needs no new jurisdictional support;
(2)     a short and plain statement of the claim showing that the
        pleader is entitled to relief; and
(3)     a demand for the relief sought, which may include relief in
        the alternative or different types of relief.

Plaintiff's complaint does not meet any of the three requirements under Fed.

R. Civ. P. 8(a).

As to the first requirement, Plaintiff did not check a box for "[f]ederal

question" or "[d]iversity of citizenship" as the basis for the court's jurisdiction.

[ECF No. 1 at 2]. He wrote "NONE" in the blank space following the instruction

to list specific federal statutes, federal treaties, and/or provisions of the United

States Constitution that are at issue in the case. *Id.* Although he provided

responses in the section for diversity of citizenship, his responses fail to

identify Defendant's state of citizenship. *Id.* at 3. However, earlier in the

complaint, Plaintiff provided a mailing address for Defendant in Columbia,

South Carolina. *Id.* at 1. Thus, it does not appear Plaintiff has alleged a basis

for the court's jurisdiction.

As to the second requirement, Plaintiff provided a short, plain statement,

but his statement does not show he is entitled to relief. *See* ECF No. 1 at 1. He

merely stated Defendant has been holding his deed for two months, but does

not provide any detail as to the circumstances surrounding this assertion. *Id.*

Third, Plaintiff is unclear as to the relief he requests the court provide.

4

*See* ECF No. 1 at 4. He appears to be requesting monetary damages, but does not specify he is seeking "dollars" and indicates inconsistent and somewhat nonsensical amounts in different parts of the complaint of "888 thousand," "350 trillion," "999 thousand," "800 hundred," and "999 trillion." *See id.* at 1, 4.

Plaintiff also failed to comply with the requirement in Fed. R. Civ. P. 10(a) that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation." Plaintiff omitted from the complaint the first page of the court's standard complaint form, which contains the case caption. *See* generally ECF No. 1.

For the foregoing reasons, Plaintiff's complaint is subject to summary dismissal for failure to meet the minimal requirements for the filing of a complaint.

> 2.    Lack of Subject-Matter Jurisdiction

As discussed briefly above, Plaintiff made no allegation as to the grounds for the court's jurisdiction. *See* ECF No. 1 at 2–3.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the

5

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject-matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in this complaint do not fall within the scope of either form of the court's limited

jurisdiction.

Plaintiff alleges no specific violation of the Constitution or federal statute, and no federal question jurisdiction is evident from the face of the complaint. *See* ECF No. 1 at 2. He also fails to allege facts that support diversity of citizenship. *See id.* at 1. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff identifies himself and Defendant as citizens of South Carolina. *See* ECF No. 1 at 1. Therefore, Plaintiff's complaint fails to demonstrate complete diversity of citizenship, rendering the court without diversity jurisdiction.

Accordingly, Plaintiff's complaint is subject to summary dismissal for lack of subject-matter jurisdiction.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **August 30, 2022**, along with any appropriate service documents. **Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself.** *See Young v. City of Mount*

*Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

 IT IS SO ORDERED.

August 9, 2022          Shiva V. Hodges
Columbia, South Carolina       United States Magistrate Judge